**CHILDE, Plaintiff-Appellant, v CINCINNATI STREET RAILWAY COMPANY, ETC., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6714.   Decided February 17th, 1947.

James A. Cleveland, Cincinnati, and Joseph C. Bullock, Cincinnati, for plaintiff-appellant.

C. R. Beirne, Cincinnati, for defendant-appellee.

## OPINION

By HILDEBRANT, J.:

The issues of this case arose out of a collision between plaintiff's truck and defendant's street car which occurred when plaintiff's truck, southbound on Reading Road, drove in a diagonal line onto the car tracks and was struck on the left rear side by a street car proceeding in the same direction, slightly in the rear of the truck.

Judgment for plaintiff in an agreed amount was entered following a jury verdict in the Municipal Court. The Court of Common Pleas reversed that judgment and entered final judgment for defendant, stating it was prejudicial error for the trial court to overrule defendant's motion for a directed verdict, made at the close of plaintiff's case and renewed at the close of all the evidence and the motion of the defendant for a verdict non obstante veredicto, for the reason that the record shows the collision was proximately caused by the negligence of the driver of plaintiff's truck.

Contributory negligence was pleaded and it was argued here that the driver of plaintiff's truck was guilty of negligence per se by reason of the violation of §6307-38 GC, and identical City Ordinance No. 506-80, requiring the driver of a vehicle, when changing course, to exercise due care and give appropriate signals thereof.

Whether or not plaintiff's truck changed its course so as to require observation of the Ordinance, or merely drove obliquely in a straight line onto the area of the street in which the tracks were laid, is a question of fact upon which the testimony is somewhat in conflict.

Plaintiff's truck driver testified both that he had to pull around a vehicle parked somewhat on an angle at the west curb of Reading Road, and because he had to turn out, and, as he also expressed it, cut over, on account of that truck, his vehicle was brought out to the car track, and that he gave no hand signal, because he just gradually came out toward the car tracks. Thus, there appears some inconsistency in the above testimony.

One disinterested witness, who was following some fifteen or twenty feet in the rear of plaintiff's truck in his own automobile, described the course of the truck as easing out all the

time from the curb, and gave testimony tending to show negligence on the part of the driver of the street car.

Without detailing all the evidence, it is sufficient to note there is some conflict as to distance here involved, speed of street car, and point of contact with the truck.

In considering defendant's motions, a court is required to construe the evidence most strongly in favor of plaintiff, the person against whom the motion is made, and is not permitted to weigh the evidence. **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469.**

Observing the above rule and in connection with the inconsistency in the testimony of plaintiff's driver noted above, it is stated in **Theatre Co. v Lautermilch, 118 Oh St 167, at 172:**

"The conclusion, therefore, of the trial court, that her own evidence raised an inference of negligence on her part, proximately contributing to the injury, required the trial court to determine which of her several inconsistent answers were more probably true, and to base his inference upon that conclusion. In other words, the judge weighed her evidence, and determined that the weight thereof preponderated in favor of the theory that she had voluntarily passed into the unlighted stairway. He not only did not give to the most favorable portion of her evidence the most favorable interpretation in her behalf of which it was susceptible, but he gave the most unfavorable portion of her evidence the most unfavorable interpretation toward her of which it was susceptible.

"Whenever in the trial of an action at law it becomes necessary to determine between conflicting statements of the same witness or of different witnesses wherein the truth most probably lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, the performance of that function is for the jury."

Although the law would presume negligence from a violation of the ordinance here, if it were violated, it would not also presume that negligence to be the proximate cause of the collision, as negligence and proximate cause are two separate and distinct issues. **Smith v Zone Cab Co., 135 Oh St 415, at 418-419.** Unless the state of the evidence were such that the court could say that reasonable minds could not differ on the negligence of plaintiff being the proximate cause of the collision, it would be error to direct a verdict or sustain a motion for judgment for defendant.

From the state of the evidence here, it would seem to justify different minds in reasonably arising at different conclusions with respect to the question of contributory negligence and proximate cause, and where it is doubtful whether reasonable minds would or would not draw different inferences from such evidence, the question is for the jury.

It was, therefore, error for the Common Pleas Court to enter final judgment for defendant, and that judgment will, therefore, be reversed, and since it affirmatively appears from the record of the action of the Common Pleas Court that other assignments of error were not passed upon, the cause is remanded to the Common Pleas Court, with instructions to pass upon the errors assigned in its further proceedings according to law.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.